## APPEAL OF KENNEDY CONSTRUCTION CO.

Docket No. 4433.    Decided July 20, 1926.

1. Value of assets acquired by corporation in exchange for stock is not proven by evidence that two small blocks of stock were subsequently acquired at par by two stockholders who gave their notes therefor.

2. The presumption of correctness attaching to a valuation of assets made by the Commissioner may not be overcome by proving book entries made at the time the assets were acquired in exchange for stock.

3. *Held*, that depreciation must be computed in accordance with section 234(a) (7) of the Revenue Acts of 1918 and 1921 and that it is unaffected by sections 326 and 331 of such Acts.

*Jesse L. Cramer, C. P. A.*, for the petitioner.
*B. G. Simpich, Esq.*, for the Commissioner.

Before MARQUETTE, GREEN, LOVE, and MORRIS.

The Commissioner determined deficiencies in income and profits taxes for 1920 and 1921, totaling $3,588.98. It is alleged that the

Commissioner erred in his computation of depreciation in that he used as a basis for such computation a value of assets materially lower than that claimed.

### FINDINGS OF FACT.

The petitioner is a West Virginia corporation with its principal place of business at Parkersburg. It was organized in 1919 for the purpose of taking over the assets and business of C. Kennedy & Son, a partnership, composed of John R. Kennedy and R. T. Turley. The principal business of the taxpayer and of its predecessor was the construction of various types of roads. The partnership was dissolved on August 31, 1919, and on that day its assets were transferred to the corporation. Upon the receipt of the assets the corporation set out upon its books a credit of $12,500 to the account of each of the partners. The offsetting account was designated "Power and Machinery," and in it were debts totaling $25,000, made up from the values allocated therein to the various items of machinery and equipment. Thereafter, at some time not disclosed, stock of the par value of the credits was issued to Kennedy and Turley and their accounts were debited therefor.

In 1920 the corporation acquired additional machinery and equipment from A. E. Brast. Some part of this machinery had been acquired by Brast from Lester Drake & Co., and he was still indebted to that company therefor. Five one-thousand dollar notes payable to Drake & Co. were executed and delivered by the corporation. The "Power and Machinery" account was debited $25,000 and Brast's account was credited with $20,000. This credit was extinguished by the issuance to Brast of stock of an equal par value. The notes above mentioned were subsequently paid.

During the years 1919 and 1920 the demand for road-building machinery and equipment exceeded the supply and deliveries of machinery purchased were delayed. Prices on this type of machinery and equipment had, during the four or five years preceding 1919, increased from 30 to 100 per cent. None of the machinery and equipment acquired by the corporation was new.

On August 31, 1920, the corporation issued 25 shares of its stock to Kennedy and received in exchange therefor his note for $2,500, and at the same time it issued to J. D. Aukrom a like amount of stock and took his note for a like amount. The note given by Aukrom has been paid but the one given by Kennedy has not.

The Commissioner placed on the assets acquired from the partnership a value of $10,750, which was the value assigned to them on the books of the partnership. On the assets acquired from Brast he placed a value of $5,000, which was the amount of the notes given therefor.

OPINION.

GREEN: Section 234(a)(7) of the Revenue Act of 1918 and the applicable portion of section 234(a)(7) of the Revenue Act of 1921 are identical and read as follows:

SEC. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

(7) A reasonable allowance for exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.

The basis for the computation of depreciation in the case of property acquired subsequent to March 1, 1913, is its cost. Where property is acquired by a corporation in exchange for its stock, the basis for the depreciation deduction is the value of the stock. Failure to establish this value leaves the taxpayer without a basis for the computation of depreciation.

We do not believe that the value of the stock of this corporation at the time it was exchanged for the assets is proven by proof of exchange of two small blocks of stock for notes. See *Appeal of Automatic Transportation Co.*, 3 B. T. A. 505. Nor do we believe that, under the circumstances of this appeal, proof of the book entries made at the time of the acquisition of the machinery, etc., is sufficient to overcome the presumption of the correctness of the Commissioner's findings as to the value of the assets. The answer makes these values a clean-cut, distinct issue. The proof shows that used machinery and equipment were exchanged for stock. No witness gave us his statement of the actual worth of the property.

The taxpayer argues that the issuance of stock at par in exchange for assets is, because of the requirements of the West Virginia statutes, conclusive proof of the value of the assets so acquired. While we are not inclined to disregard entirely proof of such a nature, it is, standing alone, wholly insufficient, and, to make it of value, it must be supported by other evidence that is clear and convincing. See *Appeal of Barnes Coal & Mining Co.*, 3 B. T. A. 891.

The Commissioner in this appeal contends that the value of assets for the purpose of computing the deduction for depreciation, is limited by section 326 and section 331 of the Revenue Acts of 1918 and 1921. It seems to us that the basis for the computation must be determined in accordance with section 234(a)(7) of the Revenue Acts of 1918 and 1921, and that invested capital must be determined in accordance with the applicable statutes. It is quite possible, starting from the same fact foundation, by the application of the two different sections, to arrive at two entirely different values for the same piece of property. But these values are not interchangeable. Our conclusion is that depreciation must be com-

puted in accordance with section 234(a)(7) of both Acts and that it is unaffected by sections 326 and 331 of such Acts. *Appeal of Strong, Hewat & Co.*, 3 B. T. A. 1035.

The Commissioner's determination of values was apparently made upon the assumption that sections 326 and 331 were controlling, and is erroneous to the extent that the values thus determined are below the true values. The taxpayer has not provided us with a fact basis for a new determination of values, and we are therefore constrained to affirm the Commissioner.

> *The deficiencies are $1,432.48 for 1920 and $2,156.14 for 1921. Order will be entered accordingly.*